## Mayes v. Mayes et al.

[No. 12,165.    Filed April 30, 1925.    Rehearing denied January 7, 1926.]

1. MARRIAGE.—*Meretricious relationship between man and woman presumed to continue unless contrary proved. Marriage contract between them may be proved by circumstances, but they must be sufficient to overcome presumption and prove actual contract of marriage.*—Cohabitation between a man and woman which is illicit in its origin, if continued, is presumed to be of that character unless the contrary is proved, and cannot be transformed into matrimony by evidence which falls short of establishing an actual contract of marriage. Such contract may be proved by circumstances, but they must be such as to exclude the presumption that the former relation continued, and satisfactorily prove that it had been changed into that of actual matrimony by mutual contract. p. 92.

2. MARRIAGE.—*Where the evidence showed that the relations between a man and woman were illicit in the beginning, a verdict for his heirs, in an action by her to quiet title to his land on the theory that she was his common-law wife, will not be set aside.*—In a suit to establish title to real estate on the theory that the plaintiff had been the common-law wife of a decedent at the time of his death, where the evidence showed that the relations between the plaintiff and the decedent were illicit in the beginning, a verdict for the defendants, the heirs of the decedent, will not be reversed on the weight of the evidence, as that relation will be presumed to continue unless the contrary is clearly proved. p. 92.

3. APPEAL.—A judgment will not be reversed for error in instructions where it is manifest that a correct result was reached. p. 92.

From the Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Winnie S. Mayes against Gus U. Mayes and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the second division.

*A. E. Gore* and *Thomas W. Lindsey,* for appellant.

*Edmund L. Craig* and *Walton M. Wheeler,* for appellees.

NICHOLS, J.—Action by appellant against appellees wherein appellant sought to quiet the title to an undivided one-third interest in real estate described in her complaint against the claims of appellees and each of them, and to partition the same upon the theory that the appellant was the surviving common-law widow of one Pearl Mayes who died before the action was instituted.

The issue submitted to the jury by the complaint and the answers thereto in general denial, and the cross-complaint of appellees and the answers thereto in general denial was whether or not appellant and the said Pearl Mayes, prior to the death of the said Pearl Mayes, had entered into a marriage contract, and had lived and cohabited together as husband and wife pursuant to that marriage contract and without having obtained a marriage license, and, without having any marriage ceremony performed, had become husband and wife by virtue of the common law and were, at the time of the death of the said Pearl Mayes, such husband and wife. At the trial of the cause, there was no dispute that said Pearl Mayes had, during the time that appellant claimed that she was his common-law wife, become the owner of all the real estate described in her complaint and had conveyed the same to appellees, in which conveyances, appellant did not join, and the sole issue upon which there was any dispute whatever was whether or not appellant and Pearl Mayes were, at the times of the respective conveyances and thereafter until the time of his death, husband and wife by virtue of the common law.

There was a verdict for appellees, upon which judgment was rendered. Appellant presents error of the trial court in overruling her motion for a new trial, the reasons for which were the insufficiency of the evidence to sustain the verdict, that the verdict was contrary to

law, and error in giving certain instructions, and in refusing to give others tendered by appellant.

It is not controverted that, previous to 1912, Pearl Mayes was a married man with a wife and daughter, the daughter then being about nine years old. He was running a saloon at the corner of Main and Water streets in Evansville, in a three story building; the second and third stories containing several bedrooms. He continued to run said saloon until Indiana passed a law forbidding the operation of saloons. From September 3, 1911, to August 3, 1912, appellant ran an assignation house or immoral resort at Fifth and Bond streets in Evansville. Pearl Mayes' wife obtained a divorce from him on June 28, 1911, in the Vanderburgh Circuit Court and was given the custody of her daughter. The daughter is appellee Zana Seidenberg, now a married woman living in New York. The daughter testified that the trouble between her father and mother, out of which grew the mother's divorce, was over appellant.

There is abundant evidence that the relations between appellant and Pearl Mayes, both before and after his wife obtained a divorce from him, were meretricious. Under such circumstances, the rule that is of controlling force is stated thus in Compton v. Benham (1908), 44 Ind. App. 51, 58, 85 N. E. 365: "A cohabitation illicit in its origin is presumed to be of that character, unless the contrary be proved, and cannot be transformed into matrimony by evidence which falls short of establishing the fact of an actual contract of marriage. Such contract may be proved by circumstances, but they must be such as to exclude the inference or presumption that the former relation continued, and satisfactorily prove that it had been changed into that of actual matrimony by mutual contract."

We deem it inadvisable to review in detail the evi-

dence submitted to the jury on the issues involved. It is sufficient for us to hold that there was abundant evidence from which the jury might find that illicit relations existed between appellant and Pearl Mayes, and that it had not been changed by an actual contract of marriage. We see no reason for disturbing the verdict. We have carefully examined the instructions given as well as those tendered and refused, and we hold that the jury was fully instructed as to the law of the case. But even if there was error in instructing the jury, it is so manifest that a correct result was reached that we would not reverse the judgment for error in instructions.

Affirmed.